

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-20-2004

# Botts v. NY Times Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4009

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Botts v. NY Times Co" (2004). *2004 Decisions.* Paper 481.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/481

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case. No: 03-4009

LAWRENCE BOTTS, JR.; LAWRENCE BOTTS, III;
CHRISTINE S. BOTTS,

Appellants,

v.

THE NEW YORK TIMES COMPANY; YOUNG & RUBICAM,
INC. a/k/a YOUNG & RUBICAM, NEW YORK; UNITED NEGRO
COLLEGE FUND; JOHN DOE, AND RICHARD ROE, NAMES
BEING FICTITIOUS AND UNKNOWN, THE ABC CORP.
NUMBERS 1-10, NAMES BEING FICTITIOUS AND UNKNOWN.

_____

On Appeal from the United States District Court
for the District of New Jersey, Trenton

(D.C. No. 03-CV-1582 (MLC))
District Judge: The Honorable Mary L. Cooper

_____

Submitted Pursuant to Third Circuit LAR 34.1
June 18, 2004

Before: ALITO, SMITH, and WALLACE, *Circuit Judges**
(Filed: July 20, 2004)

_____

OPINION OF THE COURT

_____

_____
        *The Honorable J. Clifford Wallace, Senior Circuit Judge for the
United States Court of Appeals for the Ninth Circuit, sitting by designation.

WALLACE, *Senior Circuit Judge*.

Plaintiffs Lawrence Botts, Jr., Lawrence Botts III, and Christina Botts appeal from the district court's order dismissing their complaint with prejudice against defendants Young & Rubican, Inc., the New York Times Company, and the United Negro College Fund (UNCF). The district court had diversity jurisdiction over this state-law action for libel, false light, misappropriation of identity, and intentional infliction of emotional distress pursuant to 28 U.S.C. §§ 1332 & 1441. We exercise jurisdiction over the plaintiffs' timely filed appeal pursuant to 28 U.S.C. § 1291, and we affirm the district court's dismissal of the complaint.

The defendants contend that the district court properly dismissed the complaint because (1) the plaintiffs failed to file their complaint within New Jersey's applicable statutes of limitations, and (2) the complaint does not state a valid claim as required by Federal Rule of Civil Procedure 12(b)(6). Because we agree that the complaint does not state a valid claim under New Jersey law, we need not reach the defendants' timeliness challenges.

To state a valid claim for libel, a plaintiff must allege, *inter alia*, "that the defendant made a defamatory statement of fact [in print] . . .." Taj Mahal Travel, Inc. v. Delta Airlines, Inc., 164 F.3d 186, 189 (3d Cir. 1998). "A defamatory

statement is one that is false and injurious to the reputation of another or exposes another person to hatred, contempt or ridicule or subjects another person to a loss of the good will and confidence of others." Id. (internal quotation marks and citations omitted).

The advertisement is not libelous as a matter of state law because it cannot reasonably be construed as communicating a false message *concerning the plaintiffs*. The advertisement, which was affixed to the plaintiffs' complaint, depicts a fictional African-American male who turned to alcohol and "wasted" his mind because he could not afford a college education. The plaintiffs, who are Caucasian, do not claim that readers of the Times could reasonably draw the conclusion that they are African-Americans in need of a UNCF college scholarship. The district court properly dismissed their libel claim.

Plaintiffs contend that the advertisement places them in a false light as "alcoholics" and "derelicts." "The interest protected by the duty not to place another in a false light is that of the individual's peace of mind, i.e., his or her interest in not being made to appear before the public in an objectionable false light or false position, or in other words, otherwise than as he is." Romaine v. Kallinger, 537 A.2d 284, 294 (N.J. 1988) (internal quotation marks and citation omitted). The plaintiffs stretch the advertisement's message beyond its rational

3

limits. No reasonable person could confuse the advertisement's fictional "Larry Botts" for any of the three plaintiffs in this case.

Plaintiffs' "misappropriation of identity" claim also fails under New Jersey law. In this case, the defendants arguably used the name "Larry Botts" for a commercial purpose (i.e., fundraising), but they clearly did not misappropriate the plaintiffs' *identity*. The name "Larry Botts" merely functions as "John Doe" or "Jane Roe," i.e., as a generic placeholder for the prototypical underprivileged African-American youth. Indeed, the advertisement's effectiveness as a fundraising tool would be significantly compromised if readers actually associated the name "Larry Botts" with plaintiff Lawrence Botts III—a college-educated Caucasian. As such, we affirm the district court holding that the plaintiffs fail to state a valid misappropriation of identity claim. See Palmer v. Schonhorn Enterprises, Inc., 232 A.2d 458, 460 (N.J. Super. Ct. 1967).

Finally, plaintiffs seek compensation for intentional infliction of emotional distress. Plaintiffs' tort claim fails for two reasons. First, the defendants' use of the name "Larry Botts" in the UNCF advertisement was not sufficiently "outrageous" to support a valid claim under New Jersey law. See Buckley v. Trenton Saving Fund Soc'y, 544 A.2d 857, 863 (N.J. 1988); Taylor v. Metzger, 706 A.2d 685, 694 (N.J. 1988). Second, the defendants' alleged tortious conduct

4

was not sufficiently egregious "that no reasonable man could be expected to endure it." Buckley, 544 A.2d at 863, quoting RESTATEMENT (SECOND) OF TORTS § 6, cmt. j (1977).

AFFIRMED.